IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHELE GILLESPIE,<br><br>Plaintiff,<br><br>v.<br><br>BIT WAILUKU LLC,<br>LEGACY PARTNERS, INC.,<br>LEGACY PARTNERS 2717 LLC,<br>GREP SOUTHWEST, LLC,<br><br>Defendants. | Case No. 26-cv-00484-DKW-KJM<br><br>**ORDER (1) GRANTING IFP APPLICATION, (2) DIRECTING SERVICE OF THE COMPLAINT, (3) DENYING AS MOOT MOTION TO ACCEPT COMPLAINT, (4) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL, AND (5) SETTING BRIEFING ON THE TRO MOTION**[1] |

On September 15, 2026, Plaintiff Michele Gillespie, proceeding without counsel, filed a 200-page Complaint against Defendants BIT Wailuku LLC, Legacy Partners, Inc., Legacy Partners 2717 LLC, and GREP Southwest, LLC (collectively, Defendants), Dkt. No. 1, alleging, among other things, that Defendants discriminated against her after failing to provide reasonable accommodations necessary for her to enjoy subsidized housing rented from Defendants on the Island of Maui. As relief, Gillespie seeks, among other things, an order directing Defendants to acquire replacement housing on Maui that both

[1]The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

satisfies her reasonable accommodations and is not managed by any Defendant. Gillespie has also filed (1) an application to proceed *in forma pauperis* (IFP Application), Dkt. No. 4, (2) a motion for a temporary restraining order and preliminary injunction (TRO Motion), Dkt. No. 5, (3) a motion to accept the complaint as filed, Dkt. No. 6, and (4) a motion for appointment of counsel, Dkt. No. 8.[2]

## I. IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Gillespie has shown an inability to pay the filing fee for purposes of Section 1915(a). In the IFP Application, Gillespie states that she is not employed and, thus, receives no gross pay. Dkt. No. 4 at 1. Gillespie also states that the

---

[2]Gillespie further filed a motion for leave to file documents electronically and for an exemption from PACER fees, Dkt. No. 7. That motion is REFERRED to the assigned U.S. Magistrate Judge.

only income she receives from any source is $1,241 per month in "Social Security Disability", she has $347.28 in a bank account or cash, and her only item of value is a 1999 Jeep Wrangler. *Id*. at 1-2. Gillespie further asserts that she has no dependents, no debts, and regular monthly expenses of approximately $1,300 for such things as rent, utilities, and groceries. *Id*. at 2. In light of these figures, Gillespie has insufficient income to pay the $405 filing fee while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In addition, Gillespie has insufficient assets to provide security for the filing fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 4.

## II. Service[3]

To facilitate service, the Court ORDERS as follows:

1. For each of the four (4) Defendants, the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of

[3]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this initial stage of the proceedings, without any responsive pleading from Defendants, and while acknowledging that there may be defenses, affirmative or otherwise, to the claims alleged in the Complaint, the Court finds service of the same to be appropriate.

Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Gillespie choose to use the U.S. Marshal to serve the summons and Complaint, she shall complete the forms as directed and, for *each* of the Defendants, submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver

of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Gillespie does not wish to use the U.S. Marshal for service, she may serve each of the Defendants on her own, in compliance with Fed.R.Civ.P. 4.

7. Gillespie is cautioned that if she fails to comply with this Order and her non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action will be subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on her own or with the services of the U.S. Marshal, Gillespie must serve on each of the Defendants or their attorney(s) a copy of all further documents she submits to the Court, including the TRO Motion. The U.S. Marshal is not responsible for serving these documents on Gillespie's behalf. In addition, Gillespie shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on the Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Gillespie is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

## III. <u>TRO Motion</u>

Upon review of the TRO Motion and the other records in this case, the Court elects to decide the TRO Motion without a hearing pursuant to Local Rule 7.1(c).[4] Briefing on the TRO Motion shall be as follows: Defendants shall file a response to the TRO Motion on or before October 1, 2026; Gillespie shall file a reply in support of the TRO Motion on or before October 8, 2026.

Gillespie is directed to (1) **<u>personally</u>** serve a copy of this Order on each of the Defendants to ensure timely compliance, and (2) file proof of such service on the docket of this case.

## IV. <u>Other Motions</u>

Because Gillespie's Complaint has been "accept[ed] as filed", her motion seeking the same relief, Dkt. No. 6, is DENIED AS MOOT.

---

[4]So the record is clear, because Gillespie states, in the TRO Motion, that notice of the same has been provided to Defendants, *see* Dkt. No. 5 at 1, the Court does not construe the TRO Motion as seeking relief without notice to the Defendants pursuant to Federal Rule of Civil Procedure 65(b).

Gillespie also requests appointment of counsel, asserting that her claims rest upon "Defendants' own written statements," she cannot afford counsel, and she has "exhausted the sources of free legal help available to her…." Dkt. No. 3 at 1-2.

"The decision to appoint counsel is left to the sound discretion of the district court." *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994). Courts generally consider the following three factors in determining whether to appoint counsel in a civil case: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id*. at 416-417. A plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request. *See Williams v. 24 Hour Fitness USA, Inc*., 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014).

Here, at this initial stage of the proceedings, and without any responsive pleading from Defendants, the record is insufficient for the Court to gauge the substantive merit of the allegations in the 200-page Complaint for purposes of Gillespie's request for appointment of counsel.[5] The motion for appointment of counsel, Dkt. No.8, is, therefore, DENIED WITHOUT PREJUDICE.

---

[5]The Court also notes that, in the motion, despite conclusorily asserting that she has "exhausted the sources of free legal help available to her," Dkt. No. 8 at 2, Gillespie provides no additional information, such as the identity of legal help sought, when those efforts occurred, or the response she received, to substantiate such efforts.

IT IS SO ORDERED.

Dated: September 17, 2026 at Honolulu, Hawai‘i.

Derrick K. Watson
Chief United States District Judge